## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| BRIAN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:22-CV-00060-NT |
| | ) | |
| JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER

Pursuant to Fed. R. Civ. P. 8, Johnson Controls, Inc. ("JCI" or "Defendant") responds to the individual allegations of Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

### INTRODUCTION

**1.     This case arises under the Federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.; the Maine Human Rights Act ("MHRA"), 5 M.R.S. § 4551 *et seq*.; the Federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the Maine Family Medical Leave Requirements Law, 26 M.R.S. § 843 *et seq.* ("Maine FMLA").**

1.     The allegations in Paragraph 1 contain statements of law, to which no response is required. To the extent a response is required, Defendant denies that it violated any of the laws set forth in Paragraph 1.

**2.     This case challenges the following willful, knowing, and/or reckless violations of State and Federal law by JCI: (A) Age discrimination and retaliation in violation of the ADEA and the MHRA; (B) Unlawful retaliation against Plaintiff for exercising his rights under the FMLA and Maine FMLA; and (C) Interference with Plaintiffs rights under the FMLA and Maine FMLA.**

2.      The allegations contained in Paragraph 2 set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 2.

## JURISDICTION, PARTIES, AND VENUE

**3.      Plaintiff Brian Thompson ("Plaintiff' or "Thompson") is a United States citizen residing in the Town of Gorham, County of Cumberland, and State of Maine.**

3.      Defendant admits that Plaintiff's last known address is Gorham, Maine, and also admits that Gorham is located in Cumberland County, Maine.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3.

**4.      Defendant Johnson Controls, Inc. ("JCI") is a foreign business corporation authorized to do business in the State of Maine. JCI has branch locations throughout the country, including multiple locations in Maine such as the Westbrook branch where Plaintiff worked for decades.**

4.      Defendant admits that it is authorized to do business in Maine, that it has branch locations throughout the United States, that it operates a place of business in Westbrook, Maine, and that Plaintiff worked for Defendant and/or its predecessors in Westbrook, Maine, from May 22, 1996 through June 23, 2020. Defendant denies any remaining allegations in Paragraph 4.

**5.      At all times herein relevant, Plaintiff was an "employee" of JCI as that term is defined under the FMLA, Maine FMLA, ADEA and MHRA.**

5.      The allegations in Paragraph 5 assert legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits only that it employed Plaintiff.

**6.      At all times herein relevant, JCI has employed more than 500 individuals.**

6.      Admit.

**7.      This Court has subject matter jurisdiction over Thompson's claims pursuant**

to 28 U.S.C. § 1331.

7.    Defendant admits that it employed Plaintiff in Maine, it terminated Plaintiff's

employment in Maine, and jurisdiction is proper.

**8.    Plaintiff filed a timely Charge of Discrimination against JCI with the Maine**

**Human Rights Commission ("MHRC") on or about April 7, 2021, alleging age**

**discrimination.**

8.    Admit.

**9.    On December 6, 2021, the MHRC issued a Notice of Right to Sue letter**

**pursuant to 5 M.R.S. § 4621.**

9.    Admit.

**10.    Venue is proper in this Court because all of the discriminatory practices**

**alleged herein occurred in the County of Cumberland and State of Maine.**

10.    Defendant admits only that it employed Plaintiff in Cumberland County, Maine

and terminated Plaintiff's employment. Defendant admits that venue is proper in this court,

denies that it engaged in discriminatory practices, and denies any remaining allegations in

Paragraph 10.

## FACTS RELATED TO AGE DISCRIMINATION[1]

**11.    In 1976, Thompson started working for Eastern Security/Eastern Fire**

**Equipment ("Eastern") as a fire alarm technician.**

11.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 11 and therefore denies the same.

---

[1] Defendant denies that it engaged in age discrimination.

**12.     Thompson spent 10 years at Eastern and then left to work at Cunningham Security for about 10 years.**

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

**13.     Thompson returned to Eastern in 1996 and started working in the field of fire suppression as a Special Hazards Technician. He worked out of the Westbrook branch office continuously for the next 24 years, until Thompson was fired on June 23, 2020 at the age of 68.**

13.     Defendant admits only that it hired Plaintiff at its Westbrook branch on May 22, 1996, that Plaintiff worked in the field of fire suppression as a Special Hazards Technician at Defendant's Westbrook location, and that JCI terminated Plaintiff's employment in conjunction with a company-wide reduction in force on or about June 23, 2020. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and therefore denies the same.

**14.     Thompson earned $23.75 per hour at the time of his termination.**

14.     Admit.

**15.     Various corporate entities acquired or merged with Eastern, where Thompson had worked continuously since 1996. By the time of his termination, Thompson's employer was JCI. Thompson always worked in the same branch office in Westbrook.**

15.     Defendant admits only that Plaintiff worked in its Westbrook branch for approximately twenty-four years, and that JCI terminated Plaintiff's employment in conjunction with a company-wide reduction in force on or about June 23, 2020. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 15 and therefore denies the same.

**16.    In or around 2018, fire suppression systems were no longer selling like they used to. Therefore, Thompson started doing fire alarm system work again, which he had done years before. Thompson was well qualified to do either of these jobs.**

16.    Defendant admits that Plaintiff worked with fire suppression and fire alarm systems during his tenure at JCI, admits that he was generally qualified for the jobs he performed, and denies the remaining allegations in Paragraph 16.

**17.    In 2018, JCI had multiple vacancies throughout the company, including the fire alarm division that Thompson started working for the same year.**

17.    Defendant is without information or knowledge sufficient to form a belief as to the number and existence of company-wide vacancies in 2018 and therefore denies this allegation.

**18.    JCI's purported reason for terminating Thompson's employment in 2020 was the COVID-19 pandemic. However, Thompson was the only person in the Westbrook branch office that was laid off.**

18.    Defendant admits that JCI terminated Plaintiff's employment in conjunction with a company-wide reduction in force attributable to the COVID-19 pandemic, on or about June 23, 2020 and further admits that he was the only Westbrook branch employee laid off.

**19.    Since Thompson's termination, JCI has had multiple vacancies that he would be well qualified to fill, but the company has not called Thompson back to work.**

19.    Defendant admits that it has posted available positions and admits further that it did not recall any employees laid off as a result of the reduction-in-force attributable to the COVID-19 pandemic.

**20.      But for the company's discriminatory animus toward Thompson based on age, JCI would have called him back to work given his lengthy experience and solid record of performance over 24 years.**

20.      The allegations in Paragraph 20 assert legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

**21.      JCI's age discrimination is further evidenced by the fact that the company retained a younger employee with roughly 8 years less seniority than Thompson and laid Thompson off instead.**

21.      The allegations in Paragraph 21 assert legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

**22.      Since Thompson's termination, JCI has brought younger employees from other branches within the same district up to the Westbrook branch to do the job that he was doing. These younger employees have far less technical knowledge and skill than Thompson did.**

22.      Denied.

**23.      Upon information and belief, the average age for a technician at JCI doing the same job as Thompson was doing is between 30 and 40 years old.**

23.      Denied.

**24.      JCI has a preference for hiring, retaining, and promoting younger employees.**

24.      Denied.

**25.      Upon information and belief, Thompson was paid less than younger, newer employees of JCI despite his years of experience and superior knowledge/skill in the field of fire suppression and alarm systems.**

25.    Denied.

**26.    After his purported lay off, Thompson complained about age discrimination and filed a charge with the MHRC. Because he exercised his rights under the AREA, JCI retaliated against Thompson by refusing to consider him for any open positions. JCI posted open positions regularly, and Thompson would have been qualified to perform any of the jobs that were posted.**

26.    The allegations in Paragraph 26 assert legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits only that Plaintiff filed a Charge of Discrimination with the MHRC after the termination of his employment and that it has posted open positions subsequent to the termination of Plaintiff's employment. Defendant is without information or knowledge sufficient to form a belief as to whether Plaintiff was qualified for any jobs posted subsequent to the termination of his employment and therefore denies this allegation and further denies all remaining allegations in Paragraph 26.

**27.    Thompson's son is in a similar line of work and negotiated with JCI after his father's termination for Thompson to perform contract-based work for JCI, simply to give his father some ongoing income. JCI claimed that it would hire Thompson on to perform contract-based work, but because Thompson exercised his rights under the ADEA, the company never did.**

27.    The allegations in Paragraph 27 assert legal conclusions to which no response is necessary. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to Plaintiff's son's "line of work" and therefore denies this allegation and further denies all remaining allegations in Paragraph 27.

## FACTS RELATED TO FMLA VIOLATIONS[2]

**28.    JCI laid Thompson off as his wife was dying.**

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 28 and therefore denies it.

**29.    Thompson's wife had health problems, including without limitation cardiovascular disease, which became increasingly severe in the years leading up to his termination.**

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies the same.

**30.    Upon information and belief, JCI had knowledge of Thompson's need for ongoing and/or intermittent FMLA leave since at least 2018.**

30.    Defendant admits only that Plaintiff requested and completed paperwork for FMLA during his employment.  The remaining allegations contained in Paragraph 30, including Plaintiff's reference to "Thompson's need for ongoing and/or intermittent FMLA leave" set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 30 and therefore denies them.

**31.    Thompson's coworkers in the Westbrook branch understood his need for intermittent and/or extended leave to care for his spouse, who was in and out of the hospital frequently.**

---

[2] Defendant denies that it violated the FMLA.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies the same.

**32.     In 2019, Thompson's wife had major surgery and he needed time off to care for her. JCI was on notice of Thompson's wife's health problems and his need for FMLA leave. However, the company did nothing to inform him of his right to take such leave.**

32.     The allegations contained in Paragraph 32 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 32.

**33.     In 2020, Thompson got a new manager who, upon information and belief, was not supportive of his need for time off.**

33.     Denied.

**34.     JCI never provided Thompson with notice of his rights and responsibilities under the FMLA.**

34.     The allegations contained in Paragraph 34 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 34.

**35.     Before being terminated from JCI, Thompson had taken FMLA leave on multiple occasions for his wife's serious medical condition. At one point, Thompson needed 5 weeks of FMLA leave. JCI failed to acknowledge or designate the FMLA leave or provide Thompson with Form WH-380-E.**

35.     The allegations contained in Paragraph 35 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant admits only that Plaintiff took FMLA-protected leave during his employment with JCI and also that it terminated Plaintiff's employment in conjunction with a reduction-in-force attributable to the COVID-19

pandemic. Defendant denies the remaining allegations in Paragraph 35.

**36.    At the time JCI fired Thompson, his wife was very sick and close to death. Her only health insurance coverage was through Thompson's employment. The enormous stress of losing these insurance benefits may have contributed to Thompson's wife's death. The reality of losing health insurance for his dying wife was incredibly emotionally distressing to Thompson.**

36.    Defendant admits only that it terminated Plaintiff's employment in conjunction with a reduction-in-force attributable to the COVID-19 pandemic. Defendant is without knowledge of information sufficient to admit or deny the remaining allegations in Paragraph 36 and therefore denies the same.

## COUNT I - AGE DISCRIMINATION IN VIOLATION OF THE ADEA
### (29 U.S.C. § 621 *et seq.*)

**37.    Plaintiff repeats the allegations contained in Paragraphs 1 through 36 as if fully stated herein.**

37.    Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 36 as if fully stated herein.

**38.    For the reasons outlined above, JCI's termination of Thompson's employment pursuant to a purported lay off or reduction in force was really pretext for age discrimination.**

38.    The allegations contained in Paragraph 38 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations in Paragraph 38.

**39.    Defendant took adverse employment action against Plaintiff as a direct and proximate result of his age.**

39.     The allegations contained in Paragraph 39 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations in Paragraph 39.

**40.     Defendant showed discriminatory bias toward older workers by retaining similarly situated younger employees who were less qualified than Plaintiff.**

40.     The allegations contained in Paragraph 40 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations in Paragraph 40.

**41.     Defendant showed discriminatory bias toward older workers by favoring younger workers compared to older workers like Plaintiff.**

41.     Denied.

**42.     Unlawful age discrimination has taken place within the meaning of the ADEA.**

42.     The allegations contained in Paragraph 42 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations in Paragraph 42.

**43.     Defendant discriminated against Plaintiff on the basis of age knowingly or with reckless disregard for whether its conduct was prohibited by the ADEA. Because JCI's discrimination was willful, Thompson is entitled to liquidated damages of twice the amount of his lost wages.**

43.     The allegations contained in Paragraph 43 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations in Paragraph 43.

**44.     As a result of Defendant's discriminatory actions, Thompson has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.**

44.     The allegations contained in Paragraph 44 set forth legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the allegations in Paragraph 44.

Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief following Paragraph 44 of the Complaint.

## COUNT II - RETALIATION IN VIOLATION OF THE ADEA
### (29 U.S.C. § 621 *et seq.*)

**45.     Plaintiff repeats the allegations contained in Paragraphs 1 through 44 as if fully stated herein.**

45.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 44 as if fully stated herein.

**46.     After being laid off, Thompson engaged in protected activity under the ADEA by opposing JCI's unlawful practice of discriminating against him on the basis of age.**

46.     The allegations contained in Paragraph 46 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

**47.     As a result of the above-described protected activity, JCI took adverse action against Thompson by refusing to consider or hire him for open positions for which he was well qualified.**

47.     The allegations contained in Paragraph 47 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

**48.     JCI furthermore retaliated against Thompson by refusing to enter into the contract-based work relationship that his son, who works in a similar field, had discussed with the company.**

48.     The allegations contained in Paragraph 48 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

**49.     A causal connection and close temporal proximity existed between Thompson engaging in the above protected activity and multiple instances of adverse action taken against him by JCI.**

49.     The allegations contained in Paragraph 49 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

**50.     As a result of Defendant's retaliation, Thompson has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.**

50.     The allegations contained in Paragraph 50 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

**51.     JCI recklessly, knowingly, and/or willfully retaliated against Plaintiff in violation of the ADEA and therefore Thompson is entitled to liquidated damages of twice**

the amount of his lost wages.

51.     The allegations contained in Paragraph 51 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief following Paragraph 51 of the Complaint.

<u>**COUNT III - VIOLATION OF THE MHRA**</u>
**(5 M.R.S. § 4551 *et seq*.)**

**52.     Plaintiff repeats the allegations contained in Paragraphs 1 through 51 above as if fully stated herein.**

52.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 51 as if fully stated herein.

**53.     For all of the reasons stated in Counts I and II above, JCI has engaged in discrimination and retaliation against Thompson based on his age, in violation of the MHRA.**

53.     The allegations contained in Paragraph 53 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

**54.     As a result of JCI's retaliation and discrimination, Thompson is entitled to compensatory, economic, punitive, liquidated, and all other damages available to him under the MHRA.**

54.     The allegations contained in Paragraph 54 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief following Paragraph 54 of the Complaint.

## COUNT IV - FMLA RETALIATION
### (29 U.S.C. § 2615(a))

**55.     Plaintiff repeats the allegations contained in Paragraphs 1 through 54 above as if fully stated herein.**

55.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 54 as if fully stated herein.

**56.     At all times herein relevant, Thompson was eligible and qualified for leave under the FMLA.**

56.     The allegations contained in Paragraph 56 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

**57.     Thompson put JCI on notice of his need for FMLA leave and took several leaves of absence to care for his terminally ill wife.**

57.     Defendant admits that Plaintiff applied for and was granted leaves of absence protected by the FMLA and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 57 and therefore denies the same.

**58.     JCI violated the Federal regulations implementing the FMLA by failing to follow proper procedures for providing notice, designation, or requesting certification for FMLA leave.**

58.     The allegations in Paragraph 58 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

**59.     JCI retaliated against Thompson for exercising his rights under the FMLA by terminating his employment at a time when it was clear he still needed FMLA to care for his dying spouse.**

59.     The allegations in Paragraph 59 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

**60.     Between 2019 and the date of his termination, Thompson repeatedly availed himself of a protected FMLA right.**

60.     Defendant admits that Plaintiff applied for and was granted leaves of absence protected by the FMLA between 2019 and the time of his termination of employment.

**61.     Thompson suffered adverse action for exercising his rights under the FMLA.**

61.     The allegations in Paragraph 61 contain legal conclusions to which no response is necessary To the extent a response is required, Defendant denies the allegations in Paragraph 61.

**62.     Thompson's exercise of his rights under the FMLA bear a causal connection to his termination.**

62.     The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

**63.     Because of JCI's FMLA violations and the retaliation described herein, Thompson suffered and is entitled to damages, including but not limited to lost wages and benefits, statutory and liquidated damages, punitive damages, attorney's fees, costs, and expenses.**

63.     The allegations contained in Paragraph 63 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

**64.     JCI's violations of the FMLA were committed willfully, justifying an award of punitive and/or liquidated damages in this case.**

64.     The allegations in Paragraph 64 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief following Paragraph 64 of the Complaint.

### COUNT V - FMLA INTERFERENCE
(29 U.S.C. § 2615(a))

**65.     Plaintiff repeats the allegations contained in Paragraphs 1 through 64 above as if fully stated herein.**

65.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 64 as if fully stated herein.

**66.     As described above, JCI failed to provide Thompson with appropriate notice of how much FMLA leave he was entitled to, or whether the leave he needed was properly designated as FMLA qualifying.**

66.     The allegations contained in Paragraph 66 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

**67.     Upon information and belief, JCI's motivation in failing to properly notify Thompson of his right to leave and failing to designate his absences as FMLA-qualifying was to discourage him from taking all the leave he was entitled to as he cared for his sick wife.**

67.     The allegations contained in Paragraph 67 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in

Paragraph 67.

**68.    JCI is a huge company with nearly 100,000 employees, leading to a strong inference that the company was well aware of how to handle FMLA-qualifying leaves of absence.**

68.    Defendant admits that it employs approximately 10,000 employees and further admits that it maintains policies and procedures related to FMLA-qualifying leaves of absence and denies any remaining allegations in Paragraph 68.

**69.    JCI interfered with Thompson's substantive rights under the FMLA, which caused Thompson to take less FMLA-protected leave than he would have if proper designation and notice had been provided.**

69.    The allegations contained in Paragraph 69 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

**70.    JCI's interference with Thompson's substantive rights under the FMLA was intentional. As a result of the company's interference, Thompson did not get all the FMLA leave he was entitled to.**

70.    The allegations contained in Paragraph 70 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

**71.    As a result of JCI's willful FMLA interference, Thompson has suffered and is entitled to damages, including but not limited to lost wages and benefits, back pay and front pay, attorney's fees, costs, and expenses.**

71.    The allegations contained in Paragraph 71 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in

Paragraph 71.

Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief following Paragraph 71 of the Complaint.

## COUNT VI - VIOLATION OF THE MAINE FMLA
### (26 M.R.S. § 847)

**72.    Plaintiff repeats the allegations contained in Paragraphs 1 through 71 as if fully stated herein.**

72.    Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 72 as if fully stated herein.

**73.    As set forth more fully in Counts IV and V above, JCI engaged in intentional, willful, and illegal conduct that also violates the Maine FMLA.**

73.    The allegations contained in Paragraph 73 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

**74.    In addition to the damages requested in Counts IV and V above, Thompson is entitled to an award of liquidated damages under the Maine FMLA because Defendant's conduct was willful. Thompson is entitled to liquidated damages of $100 per day dating back six years from the date this Complaint was filed.**

74.    The allegations contained in Paragraph 74 set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits that Plaintiff purports to seek "an award of liquidated damages" in Paragraph 74, but denies that Plaintiff is entitled to any of the relief he seeks, and further denies that he is entitled to any relief whatsoever, including the relief sought in the prayer for relief following Paragraph 74 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses and affirmative defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.  Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense. Defendant expressly reserves the right to assert any additional affirmative or other defenses that may later come to light as a result of motion practice or discovery and/or to amend this Answer to assert any such defenses.

1.      Counts I-III of the Complaint are barred because Plaintiff's employment was terminated for a legitimate, non-retaliatory business reason and not because of his age or any allegedly legally protected conduct.

2.      Counts IV-VI of the Complaint are barred because Plaintiff received all leave available to him under the Family and Medical Leave Act ("FMLA") and Maine Family Medical Leave Act ("MFMLA") and his employment was terminated for a legitimate, non-retaliatory business reason.

3.      Plaintiff's Complaint fails, in whole or in part, to state a cause of action against Defendant upon which relief may be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

5.      Defendant acted reasonably, in good faith, and in accordance with its legal duties, rights, and obligations.

6.      Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted in good faith and for legitimate business reasons, and the challenged employment practices

are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to Plaintiff's alleged protected conduct, to the extent that protected conduct is alleged.

7.     The Complaint is barred, in whole or in part, to the extent that it requests relief which exceeds that available under applicable law.

8.     Plaintiff has failed to mitigate, or has failed to reasonably attempt to mitigate, any damages that he may have suffered.

9.     Without admission of any kind, any damages Plaintiff may have suffered were not actually or proximately caused by any act(s) or omission(s) on the part of Defendant.

10.    Plaintiff is not entitled to liquidated damages under the ADEA because Defendant at all times acted in good faith and had reasonable grounds for believing that all actions undertaken by Defendant were not in violation of the ADEA.

11.    Even if Plaintiff were able to prove that Defendant's actions and decisions were motivated, in part, by unlawful discriminatory intent, Plaintiff's claims still fail because Defendant would have taken the same actions and made the same decisions irrespective of its alleged unlawful discriminatory intent.

12.    Plaintiff's claims are barred, in whole or in part, because Defendant complied with all requirements pursuant to the Older Workers' Benefits Protection Act.

<u>**Reservation of Rights**</u>

Defendant reserves the right to plead, assert, and reply upon any and all further defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or through discovery.

**WHEREFORE,** Defendant respectfully requests that judgment be entered dismissing with prejudice the claims of Plaintiff, with fees and costs assessed against the Plaintiff.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.


DATED:  July 11, 2022            OGLETREE, DEAKINS, NASH, SMOAK &
                                STEWART, P.C.

                                 */s/ Aimee B. Parsons*

                                Aimee Blanchard Parsons
                                State Bar No. 6395
                                Two Monument Square, Suite 703
                                Portland, ME 04101
                                Telephone:   207-387-2963
                                Facsimile:    207-387-2986
                                aimee.parsons@ogletree.com

                                Attorneys for Defendant JOHNSON
                                CONTROLS, INC.