UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **BRIAN THOMPSON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JOHNSON CONTROLS, INC.,** )<br>)<br>Defendant ) | **Case No. 2:22-cv-00060-NT** |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

Plaintiff Brian Thompson, by and through undersigned counsel, hereby moves for a 30-day extension of the discovery and related deadlines in the above-captioned case. Good cause exists to grant the relief requested herein pursuant to Fed. R. Civ. P. 6(b)(1)(A) for the following reasons:

1. Pursuant to ECF No. 6, the original discovery deadline in this case was November 29, 2022.

2. Due to the press of business generally, as well as the holiday season, the parties requested an extension of the original discovery deadline (and related deadlines) from November 29, 2022 to January 30, 2023. ECF No. 8. The Court granted the parties' joint motion on November 8, 2022.

3. The medical records of Plaintiff's deceased wife, Luella Thompson, are relevant to the FMLA claims in this case. Mrs. Thompson died in 2020 and there was no need for Plaintiff to incur the expense of being appointed personal representative of her modest estate. However, without a release signed by an appointed personal

representative, it took Plaintiff and his son longer than usual to obtain Mrs. Thompson's medical records and produce them in discovery.

4. In November of 2022, counsel for Plaintiff inquired when Johnson Controls, Inc. ("JCI") wanted to take Plaintiff's deposition. Counsel for JCI indicated that she wanted to depose Plaintiff in mid-December or early January, "because I will need time to digest his written discovery responses and resolve any outstanding issues prior to the deposition."

5. Mrs. Thompson's medical records were produced to JCI on January 14, 2023. Plaintiff has objected to obtaining and producing Plaintiff Brian Thompson's medical records, because they are not relevant to any claim advanced in this case. As of January 14, 2023, it was not clear to Plaintiff whether JCI would be requesting a discovery conference to resolve outstanding disputes related to Plaintiff's document production. In any event, it was clear that discovery would need to be extended because JCI had not yet noticed Plaintiff's deposition.

6. Plaintiff served written discovery requests on JCI on today's date and asked defense counsel for the second time if a joint motion to extend discovery by 60 days made sense. In response, counsel for JCI indicated that she could not agree to any extension of the discovery deadline, and she did not intend to take any depositions in this case.

7. This representation from defense counsel was the first time (in this case or any other) that Plaintiff's counsel heard the employer Defendant had no intention of deposing the employee Plaintiff during discovery.

8. Plaintiff does intend to take the full 5 depositions allowed by the standard scheduling order, although those depositions can likely occur over a three-day period in February.

9. Because this is only the second request to extend discovery, and Plaintiff believed Defendant would need more time to complete depositions as well, good cause exists to extend discovery by an additional 30 days.

10. Plaintiff requests that the Court extend discovery from January 30, 2023 until March 1, 2023, with all related deadlines extended by 30 days as well. The extension sought by Plaintiff will not impact the trial date in this case.

WHEREFORE, Plaintiff respectfully requests that this Court grant his motion to extend the discovery and related deadlines in this case as follows:

Discovery deadline: March 1, 2023;

Deadline to file notice of intent to file a motion for summary judgment: March 22, 2023;

Daubert/Kumho motion deadline: March 22, 2023;

Trial ready: May 2023.

Respectfully submitted,

Dated: January 23, 2023    /s/ Laura H. White

_____
Laura H. White, Esq., Bar No. 4025
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
lwhite@whiteandquinlan.com

3

## CERTIFICATE OF SERVICE

      I, Laura H. White, hereby certify that on this 23rd day of January, 2023, I filed the foregoing Plaintiff's Motion to Extend Discovery Deadline with the Court's CM/ECF system, which automatically sends notification to all counsel of record.

Dated: January 23, 2023                        */s/ Laura H. White*

                                                      Laura H. White
                                                      *Attorney for Plaintiff*
                                                      WHITE & QUINLAN, LLC
                                                      62 Portland Road, Suite 21
                                                      Kennebunk, ME 04043
                                                      Phone: (207) 502-7484
                                                      *lwhite@whiteandquinlan.com*