UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-00060-NT |
| | ) |
| JOHNSON CONTROLS, INC., | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND DEADLINE**

NOW COMES Defendant, Johnson Controls, Inc., ("Defendant" or "JCI"), and respectfully submits this Opposition to Plaintiff Brian Thompson's ("Plaintiff" or "Thompson") Motion to Extend Discovery Deadline ("Plaintiff's Motion") (Dkt. No. 10), in the above captioned matter. In support of its Opposition, Defendant respectfully states as follows:

1. Plaintiff served Defendant with summons in the above-referenced case on June 2, 2022, alleging that Plaintiff's inclusion in a May 2020 covid-driven, company-wide reduction in force violated the Family Medical Leave Act ("FMLA") and the Age Discrimination in Employment Act ("ADEA") (Dkt. No. 1).

2. Defendant served its First Set of Interrogatories and Requests for Production to Plaintiff on September 26, 2022. On October 25, Plaintiff requested a two-week extension to respond to Defendant's First Set of Interrogatories and Requests for Production, up through and including November 9, 2022. Defendant assented to Plaintiff's request.

3. On November 9, 2022, Plaintiff requested a second two-week extension to respond to Defendant's First Set of Interrogatories and Requests for Production and asked Defendant whether Plaintiff's deposition should be scheduled for early December.

4. Defendant assented to Plaintiff's request for a second extension and proposed a three-month extension of all deadlines, to accommodate Plaintiff's delayed responses and any additional discovery. Having received no responses or document production from Plaintiff, and in response to Plaintiff's November 9 inquiry regarding Plaintiff's deposition, Defendant responded to Plaintiff on November 10, explaining that counsel for Defendant would be unable depose Plaintiff before having an opportunity to review and digest Plaintiff's responses to the written discovery requests. In fact, counsel for Defendant stated, "The week of 12/12 may be a possibility for plaintiff's deposition, depending on the state of his responses to our written requests."

5. Plaintiff served largely incomplete and deficient responses to Defendant's First Set of Interrogatories on November 23, 2022 and did not produce documents in response to Defendant's Requests for Production. Plaintiff produced some documents on November 29, 2022.

6. On December 13, 2022, Defendant sent correspondence to Plaintiff regarding his largely incomplete and deficient responses to Defendant's First Set of Interrogatories and Requests for Production.

7. Having received no response from Plaintiff, on January 9, 2023, Defendant contacted Plaintiff regarding its December 13, 2022 correspondence. Defendant again contacted Plaintiff on January 13.

8. On January 14, 2023, Plaintiff produced voluminous medical records related to his deceased wife's medical conditions. Upon review of Plaintiff's responses, including an initial, cursory review of the voluminous medical records produced on January 14, Defendant determined that Plaintiff's deposition was not entirely critical to its defense.

9. Plaintiff then requested to depose five (5) of Defendant's employees and served his First Interrogatories and Requests for Production, including several requests for extensive ESI searches, on January 23, 2023, seven days prior to the scheduled close of discovery.

10. If the court is inclined to grant Plaintiff's request, Defendant requests a sixty (60) day extension of all deadlines in this matter, based on (a) Plaintiff's request for a significant volume of ESI and the time and resources required to respond to such requests, (b) Plaintiff's request for five depositions, and (c) the likelihood that Defendant may reevaluate strategy and seek to depose Plaintiff to the extent the deadlines are extended.

| Deadline | Current | Proposed |
| --- | --- | --- |
| Discovery Cutoff | January 30, 2023 | February 13, 2023 |
| L/D for Party Intending to Move for Summary Judgment to File Either (1) Joint Motion with Proposed Schedule Agreed to by All Parties and Confirmation Pre-Filing Conference would Not be Helpful, or (2) Notice of Intent to Move for Summary Judgment and Need for Pre-Filing Conference | February 6, 2023 | February 21, 2023 |

## Prayer for Relief

Defendant respectfully requests that the Court deny Plaintiff Motion to Extend Deadlines. In the alternative, to the extent the Court grant's Plaintiff's Motion, Defendant requests a sixty-day extension of all remaining deadlines in this matter.

DATED:  January 30, 2023        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Aimee B. Parsons
Aimee B. Parsons
State Bar No. 6395
Two Monument Square, 7th Floor
Portland, ME 04101
Telephone:  207-387-2957
aimee.parsons@ogletree.com

*Attorney for Defendant, Johnson Controls, Inc.*

## **CERTIFICATE OF SERVICE**

I, Aimee B. Parsons, hereby certify that on this 30th day of January, 2023, the foregoing document was served on counsel for all other parties via electronic mail.

>Laura H. White
>WHITE & QUINLAN, LLC
>62 Portland Road, Suite 21
>Kennebunk, ME  04043
>lwhite@whiteandquinlan.com
>
>*Attorney for Plaintiff*

>/s/ Aimee B. Parsons
>Aimee B. Parsons

54828695.v1-OGLETREE