UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNSON CONTROLS, INC., )<br>)<br>Defendant ) | Case No. 2:22-cv-00060-NT |

### PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiff Brian Thompson, by and through undersigned counsel, hereby moves for a 30-day extension of the discovery and related deadlines in the above-captioned case. Good cause exists to grant the relief requested herein pursuant to Fed. R. Civ. P. 6(b)(1)(A) for the following reasons:

1. Pursuant to ECF No. 12, the Court extended discovery in the above-captioned case for another 60 days, with a discovery deadline of March 31, 2023. The Court also indicated that no further extensions of discovery would be allowed.

2. However, another 30-day extension is necessary to complete the depositions of defense witnesses who are on vacation or unavailable due to the vacation of other employees.

3. On February 16, 2023, Defendant proposed that the parties jointly ask to extend discovery for another 14 days because Defendant was scheduled for trial during the second week of March, 2023, and Defendant's corporate representative was on vacation until April 3, 2023.

4. The joint order proposed by Defendant is attached here as Exhibit 1. Plaintiff objected to having discovery extended only for the limited purpose of taking depositions, because Defendant's objections to interrogatories and requests for production necessitated a discovery conference.

5. Plaintiff has filed a request for a discovery conference on today's date, after attempts to meet and confer under Rule 26(g) have been unsuccessful.

6. The parties scheduled four depositions of defense witnesses for March 29 and March 30, 2023.

7. However, last week after Plaintiff's deposition, the parties undertook settlement negotiations with Defendant expressly representing that Johnson Controls would rather put money toward settlement than completing discovery.

8. For that reason, Plaintiff did not notice the depositions previously scheduled by agreement for March 29 and 30th. One of those depositions was for Vicki Allen, a corporate representative of Defendant's who works in the Westbrook office.

9. The parties agreed that Ms. Allen's deposition would be conducted in person, just like Plaintiff's in-person deposition last week, and the remaining depositions would be conducted via Zoom.

10. Defendant has now changed its mind about completing settlement negotiations before finalizing discovery, and has also indicated that Ms. Allen cannot appear for an in-person deposition this week. Defendant indicated that Ms. Allen is the only person in the branch who can answer the phones this week, due to vacation and leave taken by other employees. Plaintiff offered to conduct the deposition at the

Westbrook branch of Johnson Controls, Inc. rather than conducting the deposition via Zoom, but Defendant declined that option.

11. Defendant cannot produce one of its witnesses for deposition in person this week as previously agreed, its corporate representative is on vacation and the 30(b)(6) noticed by Plaintiff cannot be completed this week, and Defendant expressed interest in trying to resolve the case prior to this week's depositions. Despite all of these factors, Defendant refuses to jointly move for a 30-day extension in discovery.

12. For the above reasons, good cause exists to depart from the Court's previous indication that no further extensions of discovery will be allowed.

WHEREFORE, Plaintiff respectfully requests that this Court grant his motion to extend the discovery and related deadlines in this case by 30 days as follows:

Discovery deadline: April 2, 2023;

Deadline to file notice of intent to file a motion for summary judgment: May 9, 2023;

Trial ready: June 2023.

                                    Respectfully submitted,

Dated: March 27, 2023            */s/ Laura H. White*

                                    _____
                                    Laura H. White, Esq., Bar No. 4025
                                    *Attorney for Plaintiff*
                                    WHITE & QUINLAN, LLC
                                    62 Portland Rd., Suite 21
                                    Kennebunk, ME 04043
                                    (207) 502-7484
                                    [lwhite@whiteandquinlan.com](mailto:lwhite@whiteandquinlan.com)

## **CERTIFICATE OF SERVICE**

      I, Laura H. White, hereby certify that on this 27th day of March, 2023, I filed the foregoing Plaintiff's Motion to Extend Discovery Deadline with the Court's CM/ECF system, which automatically sends notification to all counsel of record.


Dated: March 27, 2023                         */s/ Laura H. White*

                                                      Laura H. White
                                                      *Attorney for Plaintiff*
                                                      WHITE & QUINLAN, LLC
                                                      62 Portland Road, Suite 21
                                                      Kennebunk, ME 04043
                                                      Phone: (207) 502-7484
                                                      *lwhite@whiteandquinlan.com*