UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **BRIAN THOMPSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-00060-NT |
| | ) |
| **JOHNSON CONTROLS, INC.,** | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

NOW COMES Defendant, Johnson Controls, Inc. ("Defendant" or "JCI"), and respectfully submits this Opposition to Plaintiff Brian Thompson's ("Plaintiff" or "Thompson") second Motion to Extend Discovery Deadline ("Plaintiff's Motion") (Dkt. No. 14) in the above-captioned matter. In support of its Opposition to Plaintiff's second request to extend discovery in this matter, which is contrary to the Court's order that no further extension of time would be allowed, and to correct Plaintiff's multiple flagrant misrepresentations regarding Defendant's actions, Defendant respectfully states as follows:

1. Plaintiff served Defendant with summons in the above-referenced case on June 2, 2022, alleging that Plaintiff's inclusion in a May 2020 Covid-driven, company-wide reduction in force violated the Family Medical Leave Act ("FMLA") and the Age Discrimination in Employment Act ("ADEA") (Dkt. No. 1).

2. Defendant served its First Set of Interrogatories and Requests for Production to Plaintiff on **September 26, 2022**.

3. Plaintiff twice requested extensions of the deadline to respond to Defendant's First Set of Interrogatories and Requests for Production; Defendant assented to each of Plaintiff's requested extensions; and Defendant proposed a three-month extension of all deadlines to

        accommodate Plaintiff's delayed responses and any additional discovery, including potential depositions.

4. On November 8, 2022, the parties filed a Joint Motion to Modify the Scheduling Order, seeking to extend the discovery deadline from November 29, 2022, to January 30, 2023, to accommodate Plaintiff's delayed responses to Defendant's written discovery requests and any potential depositions. (Dkt. No. 8.) The Court granted this request.

5. Plaintiff served largely incomplete and deficient responses to Defendant's First Set of Interrogatories on **November 23, 2022,** and did not produce documents in response to Defendant's Requests for Production. Plaintiff produced some documents on **November 29, 2022**.

6. On **December 13, 2022**, Defendant sent correspondence to Plaintiff detailing his largely incomplete and deficient responses to Defendant's First Set of Interrogatories and Requests for Production. Receiving no response to its December 13 communication, Defendant **again** contacted Plaintiff on **January 13, 2023**.

7. In response, **on January 23, 2023, only <u>seven days prior to the scheduled close of discovery</u>,** Plaintiff requested to depose five (5) of Defendant's employees and served his First Interrogatories and Requests for Production, including several requests for extensive searches of Electronically Stored Information ("ESI"). That same day, Plaintiff, seeking to remedy his dilatory actions, filed a Motion to Extend the Discovery Deadline from January 30, 2023, to March 1, 2023, to accommodate his request for depositions and untimely First Set of Interrogatories and Requests for Production served seven (7) days prior to the close of discovery. (Dkt. No. 10.)

8. The Court granted Plaintiff's Motion to Amend the Scheduling Order (Dkt. No. 12), reminded the parties "to serve discovery requests sufficiently in advance of the deadline to

give the other side adequate time to respond," and stated that no further extensions of the deadlines would be allowed. *Id.*

9. Counsel for Defendant spent more than twenty-eight (28) hours reviewing more than 9,200 electronically-stored documents for responsiveness to Plaintiff's discovery requests and producing responsive ESI to Plaintiff. These twenty-eight (28) hours are in addition to the time spent responding to Plaintiff's Interrogatories and Requests for Production.

10. On February 16, 2023, Defendant agreed to depose Plaintiff on March 15, 2023, and to make Defendant's four (4) fact witnesses available for deposition during the week of March 27, 2023, specifically stating they were available on March 28-30. Defendant also explained that three (3) of the four (4) fact witnesses were located outside of Maine, in upstate New York and southern Massachusetts. On **February 28, 2023**, Defendant noticed Plaintiff's deposition for **March 15, 2023** (counsel for Defendant deposed Plaintiff on March 21, as a result of the winter storm March 14-15).

11. Counsel for Defendant contacted counsel for Plaintiff via email on February 27, 2023, and again on March 8, 2023, to remind her of the proposed dates for the fact witness depositions. Plaintiff did not notice the depositions in response to defense counsel's emails on February 27 and March 8.

12. On March 3, March 9, and March 13, 2023, Defendant produced a total of nearly eight hundred (800) pages of documents in response to Plaintiff's discovery requests, after spending several weeks reviewing and identifying ESI responsive to Plaintiff's January 23, 2023, requests.

13. After deposing Plaintiff on March 21, 2023, Defendant suggested that settlement negotiations could be fruitful and, on March 22, 2023, requested a revised settlement demand from Plaintiff. Contrary to Plaintiff's statements in Plaintiff's Motion, at no time

did Defendant suggest that Plaintiff discontinue his discovery efforts, nor did Defendant "expressly represent[]" that Plaintiff should abandon efforts to complete discovery, as stated in Plaintiff's Motion.

14. In response to Plaintiff's significantly reduced demand following his deposition, on March 24, 2023, Defendant made a very generous initial settlement offer in good faith and in an effort to expedite resolution of Plaintiff's claims. Plaintiff then provided a counter-demand, to which Defendant promptly responded on Monday, March 27, 2023.

15. In response to Defendant's counter-offer, at 11:54 AM on March 27, 2023, Plaintiff advised Defendant for the **first time** that Defendant owed Plaintiff "voluminous discovery." Plaintiff's notice to Defendant of Defendant's purported discovery deficiencies consisted of <u>a mere three sentences</u> in which Plaintiff listed the numbers of certain interrogatories that Plaintiff believes were answered incompletely and a statement that Plaintiff did not have documentation related to the selection of Plaintiff for a reduction-in-force. Notably, Defendant produced responsive and relevant documents that discuss, among other things, Plaintiff's dwindling workload, furlough, and ultimate termination from Defendant. Plaintiff's counsel suggested that the parties try to resolve these newly-raised discovery issues "before this evening."

16. Also on March 27, 2023, only four (4) days before the close of discovery, Plaintiff, again waiting until the last minute to take action, finally noticed four (4) of Defendant's witnesses for deposition, despite Defendant's previous consistent communications on February 16, February 27, and March 8, regarding the pending depositions. While Defendant agreed in February to make its witness Vicky Allen available for a live deposition on March 29, Plaintiff inexplicably waited to notice Ms. Allen's deposition or move forward with her plan to depose Ms. Allen until March 27, 2023. Ms. Allen is an office administrator whose

co-worker is now out of the office this week, rendering it impossible for Ms. Allen to appear in Portland for an in-person deposition. Ms. Allen's co-worker's decision to take vacation/sick time this week is not within Defendant's control. Defendant's Westbrook office is also not sufficiently large or private to accommodate a live deposition. In a good faith effort to remedy the situation and make its employee available for the deposition, Defendant suggested that Plaintiff depose Ms. Allen from her office via zoom, as Plaintiff is planning to depose another defense witness via zoom on the same day. Ms. Allen remains available for a remote deposition this week, contrary to Plaintiff's representation to the Court.

17. Plaintiff's sole attempt to meet and confer regarding purported deficiencies in Defendant's Interrogatory responses and document production took place on March 27, 2023, via an email in which Plaintiff outlined in three sentences the purported deficiencies. Then, without giving Defendant meaningful time to respond to these purported deficiencies, **Plaintiff filed the instant motion mere hours after alerting Defendant to them**. Accordingly, Plaintiff's statement that the parties' attempts to meet and confer have been unsuccessful is a gross misrepresentation of the parties' communication.

18. Defendant is flummoxed by Plaintiff's statement that "Defendant has changed its mind about completing settlement negotiations before finalizing discovery," as Defendant is negotiating in good faith and without delay, and further because Defendant has never suggested to counsel for Plaintiff that she forgo her own opportunity to participate in discovery.

19. Plaintiff's Motion egregiously mischaracterizes Defendant's actions, improperly attempting to shift responsibility for Plaintiff's lack of diligence to Defendant. Defendant has acted in good faith at all times throughout the pendency of this action, including by

conducting voluminous and very costly searches for ESI at Plaintiff's request, entirely at its own cost and without any request that Plaintiff share in the significant costs associated with the time-intensive and expensive search requested in his untimely, eleventh hour discovery requests.

20. Plaintiff's dilatory tactics and patent misrepresentations regarding Defendant's conduct do not justify any further extension of the deadlines in this matter, nor can Plaintiff show good cause to support a further extension in light of the Court's Order dated January 31, 2023.

### Prayer for Relief

Defendant respectfully requests that the Court deny Plaintiff's second Motion to Extend the Discovery Deadline. In the alternative, to the extent the Court grants Plaintiff's Motion, Defendant requests that the Court limit the remaining discovery to Plaintiff's depositions of the four (4) fact witnesses whose depositions were noticed on March 27, 2023.

DATED: March 29, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Aimee B. Parsons
Aimee B. Parsons
State Bar No. 6395
Two Monument Square, 7th Floor
Portland, ME 04101
Telephone: 207-387-2957
aimee.parsons@ogletree.com

*Attorney for Defendant, Johnson Controls, Inc.*

## **CERTIFICATE OF SERVICE**

I, Aimee B. Parsons, hereby certify that on this 29th day of March, 2023, the foregoing document was served on counsel for all other parties via electronic mail.

>Laura H. White
>WHITE & QUINLAN, LLC
>62 Portland Road, Suite 21
>Kennebunk, ME  04043
>lwhite@whiteandquinlan.com
>
>*Attorney for Plaintiff*

>>/s/ Aimee B. Parsons
>>Aimee B. Parsons

55716425.v1-OGLETREE