UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **BRIAN THOMPSON,** | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 2:22-cv-00060-NT |
| **JOHNSON CONTROLS, INC.,** | ) ) ) |
| Defendant | ) ) |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

Plaintiff Brian Thompson, by and through undersigned counsel, hereby moves for the Court to enter an order enforcing the settlement agreement reached between the parties in the above-captioned case. In support of this Motion, Plaintiff states as follows:

1. On or about October 19, 2023, the parties reached agreement on all terms related to the settlement of this matter.

2. On October 25, 2023, Plaintiff signed the settlement agreement, then emailed and forwarded it along with applicable W-9s to defense counsel.

3. Defense counsel emailed Plaintiff's counsel on October 30, 2023 confirming that the original documents had been received, and asking to extend the deadline to file a stipulation of dismissal. Plaintiff agreed and filed a motion to extend the deadline to file a stipulation of dismissal, which ran yesterday. *See* ECF No. 47.

4. The settlement agreement provided that Defendant was not obligated to complete the settlement until 45 days had passed from receipt of the original

documents referenced above. The 45-day period contained in the settlement agreement ran yesterday, December 14, 2023.

5. Defendant is in violation of the terms of the settlement agreement by its failure to perform within 45 days.

6. The parties exchanged correspondence yesterday, with Defendant indicating that it was "confused" about the above-referenced deadline. There is no confusion, however, over the clear terms of the release.

7. Plaintiff asked for confirmation that Defendant would perform its obligations under the settlement agreement by next week, but Defendant has failed to provide such confirmation.

8. Since he signed the agreement back on October 25, 2023, Plaintiff has been anticipating the settlement would be completed by this week, ten days before Christmas.

9. A party "may seek to enforce a settlement agreement by motion before the underlying matter is dismissed." *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 797 F.3d 83, 86 (1st Cir. 2015). This Court "may summarily enforce the agreement, provided there is no genuinely disputed question of material fact regarding the existence or terms of that agreement." *Fidelity and Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008).

10. In the instant case, there is no genuinely disputed question of fact about the terms of this settlement, and Johnson Controls, Inc.'s claim of "confusion" is frivolous under Rule 11. To the extent that Defendant opposes this Motion rather than agreeing to complete the settlement immediately, Plaintiff will serve a Rule 11

Motion for Sanctions on Johnson Controls, Inc. pursuant to Fed. R. Civ. P. 11(c)(2), requiring Defendant to pay the cost of bringing this Motion.

WHEREFORE, Plaintiff requests that the Court enter a summary order enforcing the terms of the settlement agreement in this case, and requiring Defendant Johnson Controls, Inc. to perform its obligations under the settlement agreement by December 22, 2023.

Respectfully submitted,

Dated: December 15, 2023          /s/ Laura H. White

_____
Laura H. White, Esq., Bar No. 4025
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
lwhite@whiteandquinlan.com

3

## **CERTIFICATE OF SERVICE**

I, Laura H. White, hereby certify that on this 15th day of December, 2023, I filed the foregoing Plaintiff's Motion to Enforce Settlement with the Court's CM/ECF system, which automatically sends notification to all counsel of record.

Dated: December 15, 2023   */s/ Laura H. White*

                                             Laura H. White
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Road, Suite 21
Kennebunk, ME 04043
Phone: (207) 502-7484
*lwhite@whiteandquinlan.com*