UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN THOMPSON, </br></br> Plaintiff, </br></br> v. </br></br> JOHNSON CONTROLS, INC., </br></br> Defendant | ) </br> ) </br> ) </br> ) </br> ) Case No. 2:22-cv-00060-NT </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

NOW COMES Defendant, Johnson Controls, Inc. ("Defendant" or "JCI"), and respectfully submits this Opposition to Plaintiff Brian Thompson's ("Plaintiff" or "Thompson") Motion to Enforce Settlement ("Plaintiff's Motion") (Dkt. No. 48) in the above-captioned matter. In support of its Opposition to Plaintiff's Motion, Defendant respectfully states as follows:

1. Plaintiff and Defendant orally agreed to settlement terms on October 2, 2023. Following this agreement, on October 6, 2023, counsel for Plaintiff requested to delay Plaintiff's settlement payments until 2024. Between October 6, 2023 and October 16, 2023, counsel for Defendant emailed with Defendant at least five times regarding its ability to delay payment and discussed various administrative means of issuing payments in 2024 (based solely on Plaintiff's request to delay his payments to 2024, while making payment to Plaintiff's counsel in 2023).

2. On October 16, 2023, after several conversations between Defendant and its counsel regarding various administrative means to delay payment until 2024 and confirming that this was feasible, counsel for Plaintiff emailed counsel for Defendant indicating that her client wished to receive payment in 2023 after all. Counsel for Defendant then revised the Settlement Agreement ("Agreement") to reflect this and advised her client that pursuant to Paragraph 19 of the Agreement, payment would be due within 45 days of receipt of "valid, current, and complete

IRS Forms W-4 and W-9 from Johnson," among other documents. In fact, Paragraph 19 of the Agreement states as follows:

> Thompson acknowledges and agrees that the Company will not be obligated to make the payments described Section 6 of this Agreement until forty-five (45) days after all of the following have occurred:
>
> a.  The Company's counsel, Aimee Parsons, Esq., has received an original of this Agreement which has been signed and dated by Thompson; and
> b.  The Company's counsel has received a valid, current, and complete IRS Form W-4 and Form W-9 from Johnson.

3. Both parties executed the Settlement Agreement. Plaintiff emailed a copy of the signed agreement on October 19, 2023 and also sent Defendant a hard copy original, which Defendant received on October 25, 2023.

4. Plaintiff inquired about the timing of payment on December 11, 2023, and the undersigned contacted Defendant for an update, at which point Defendant indicated it had forgotten about the change in course to make payment in 2023 and stated it would "rush" the payment processing. Defendant was unable to provide a date certain based on its internal administrative process. Plaintiff filed a Motion to Enforce Settlement on December 14, 2023.

5. On January 2, 2024, Defendant contacted the undersigned counsel and indicated that its payroll department could not process the payroll check because it had not received an updated IRS Form W-4 from Plaintiff, which was a material term of the Agreement and requirement of the payroll department.

6. Counsel for Defendant requested an updated IRS Form W-4 from Plaintiff on January 2, 2024, and Plaintiff provided the IRS Form W-4 to the undersigned counsel on January 4, 2024. Defendant resumed its payment processing on the same date.

7. Defendant denies that it has violated the parties' Settlement Agreement, which explicitly predicated payment on receipt of a current, valid W-4, which Defendant did not receive

until January 4, 2024. Defendant's delay in processing the payment is attributable solely to its initial misunderstanding regarding the change in plans, its attempt to quickly push the payment through using an outdated IRS Form W-4 which was rejected by its payroll department, routine year-end demands on the payroll department during a busy holiday season, and the delay in receiving a current, valid IRS Form 2024 from Plaintiff. Moreover, Defendant has at all times acted in good faith, it is in the process of generating the payroll check (off-cycle), and it intends to fulfill its obligations to Plaintiff as soon as administratively possible.

8.  As of 3:00pm today, January 5, 2024, Defendant has assured the undersigned that the payroll check will be ready for delivery during the week of January 18, 204, and the remaining two checks will be ready for delivery no later than the week of January 15, 2024. Pursuant to the explicit terms of the Parties' Agreement as set forth above, payment will be made within the agreed upon timeframe.

## Prayer for Relief

Defendant respectfully requests that the Court deny Plaintiff's Motion to Enforce Settlement and grant Defendant all relief to which it is entitled.

DATED: January 5, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Aimee B. Parsons
Aimee B. Parsons
State Bar No. 6395
Two Monument Square, 7th Floor
Portland, ME 04101
Telephone: 207-387-2957
aimee.parsons@ogletree.com

*Attorney for Defendant, Johnson Controls, Inc.*

## CERTIFICATE OF SERVICE

I, Aimee B. Parsons, hereby certify that on this 5th day of January, 2024, the foregoing document was served on counsel for all other parties via electronic mail.

        Laura H. White
        WHITE & QUINLAN, LLC
        62 Portland Road, Suite 21
        Kennebunk, ME  04043
        lwhite@whiteandquinlan.com

        *Attorney for Plaintiff*

        /s/ Aimee B. Parsons
        Aimee B. Parsons